IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EILEEN R. BRAVO, on behalf of
JERIMIAH A. CARVER,

        Plaintiff,

vs.                      Civ. No. 00-346 MV/DJS

WLATER A. HALTER[1],
Commissioner of Social

        Defendant.


**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[2]**

1.  Plaintiff invokes this Court's jurisdiction under 42 U.S.C. Sec. 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or

---

[1] Pursuant to Fed.R.Civ.P. 25, William A. Halter, Acting Commissioner of Social Security is substituted for Kenneth S. Apfel, Commissioner, as the Defendant in this action. Mr. Halter was nominated by President Bill Clinton on October 1, 1999, and confirmed by the United States Senate on November 10, 1999. He was the first confirmed Deputy Commissioner of Social Security.

[2] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections with the clerk of the district court to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1



remanding this matter for a rehearing. The Court will review the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. Williams v. Bowen, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2. Plaintiff was granted Supplemental Security Income (SSI) benefits on September 4, 1992. The Commissioner found Jerimiah was disabled from multiple impairments stemming from communication problems and diabetes. **Tr. 51.** On June 17, 1997, Plaintiff was notified that his benefits would cease because his impairments did not result in marked and severe functional limitations under the new disability rules for children. Tr. 28. An Administrative Law Judge (ALJ) held a hearing on July 14, 1998. Tr. 296. On July 20, 1998 the ALJ entered a decision finding that the Jerimiah's impairments did not qualify him for disability benefits. Tr. 20. The Appeals Council denied Jerimiah's request for review, thus rendering the ALJ's decision the final decision of the Commissioner. Tr. 3-4.

**Issue**

3. Plaintiff alleges that the ALJ erred in not conducting an analysis of whether Jerimiah's diabetes meet Listing 109.08. 20 C.F.R. Pt. 404, Subpt. P, App.1.

2

**The Standard of Review**

4.   Judicial review of the Commissioner's final decision in this case is limited under 42 U.S.C. Sec. 405(g) to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. Casias v. Secretary of Health and Human Services, 933 F.2d 799, 800-01 (10th Cir. 1991). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). The Court may neither weigh the evidence nor substitute its discretion for that of the Commissioner. Kelley v. Chater, 62 F.3d 337 (10th Cir. 1995). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989). Stated conversely, a lack of substantial evidence will be found only where there is a "conspicuous absence of credible choices or no contrary medical evidence." Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992); Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)(quoting Hemphill v. Weinberger, 483 F.2d 1137 (5th Cir. 1973).

5.   Under the standard for evaluating child disability cases, a child under the age of 18 is entitled to disability benefits only if he has a medically determinable impairment which results in

3

marked and severe functionally limitations. 42 U.S.C. Sec. 1382c(a)(3)(C). Regulations define "marked and severe functional limitations" as meaning that the child's impairment or combination of impairments must meet, medically equal or functionally equal the severity of a listed impairment. 20 C.F.R. Sec. 416.924(d).

**Discussion**

6. The ALJ did not properly evaluate Jerimiah's condition. In his decision the ALJ found that "Jerimiah had not alleged or proven that his diabetes mellitus and seizure disorder, solely or in combination with any other impairment, meet or equal any listing." Tr. 15. The ALJ did no further analysis of the record concerning Jerimiah's diabetes. This is error.

7. Jerimiah did allege that he met or equaled the listing for juvenile diabetes mellitus Listing 109.08. He received benefits initially for his diabetes. He alleged that he still had diabetes and that it was disabling in his "Reconsideration Report for Disability Cessation." Tr. 34. Jerimiah and his mother testified about his diabetes at the administrative hearing. Tr. 308 and 314. In his closing argument Jerimiah's counsel argued that Jerimiah meets the listing for juvenile diabetes.

8. The ALJ's statement on this matter requires a remand. Pursuant to 42 U.S.C. 405(b)(1) the ALJ is "required to discuss the evidence and explain why he found that appellant was not disabled at step three." Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir.

1996). When the ALJ fails to discuss the evidence, the proper remedy is a remand. It is not proper for the court to determine whether Jerimiah should be awarded benefits. Id. ("This Court should not properly engage in the task of weighing evidence in cases before the Social Security Administration.")

9. The record is replete with medical and other evidence concerning Jerimiah's diabetes. However, "in the absence of ALJ's findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion." Id. Thus the decision is "beyond meaningful review." Id.; Kepler v. Chater, 68 F.3d 387 (10th Cir. 1995); Knipe v. Heckler, 755 F.2d 141, 149(10th Cir. 1985); and Barbato v. Commissioner of Social Security Administration, 923 F. Supp. 1273, 1276 n.2 (C.D. Ca. 1996).

## Recommended Disposition

For these reasons, I recommend that Plaintiff's Motion to Reverse and Remand be granted and that this matter be remanded for proceedings consistent with these findings.

_____
Don J. Svet
UNITED STATES MAGISTRATE JUDGE